BRETT L. TOLMAN, United States Attorney (# 8821)
D. LOREN WASHBURN, Assistant United States Attorney (# 10993)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah  84111
Telephone:  (801) 524-5682
Facsimile: (801) 325-3261
e-mail: loren.washburn@usdoj.gov

FILED
U.S. DISTRICT COURT

2009 MAY 13  P 2: 28

DISTRICT OF UTAH

BY:_____
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. |
| Plaintiff, | : | INDICTMENT |
| v. | : | Vio. 26 U.S.C. § 7201 (Tax Evasion); 26 U.S.C. § 7212(a) (Interference with Administration of Internal Revenue Laws) |
| KENNETH J. NEILSON, | : | |
| Defendant. | | |

Case: 2:09-cr-00286
Assigned To : Stewart, Ted
Assign. Date : 5/13/2009
Description: USA v.

The Grand Jury charges:

**Count 1
26 U.S.C. § 7201
(Tax Evasion)**

1.   From in or around 1995, the exact date being unknown to the Grand Jury, and continuing thereafter up to at least June, 2005, in the District of Utah and elsewhere,

**KENNETH J. NEILSON,**

defendant herein, a resident of St. George, Utah, did willfully attempt to evade and defeat the payment of the income tax due and owing by him to the United States of America for

1

the tax years 1995 through 1997, an amount in excess of $350,000, by committing and causing to be committed affirmative acts of evasion, including but not limited to:

A. Beginning in 1996 and continuing to at least 2005, defendant NEILSON used various trusts and nominees to conceal income he earned through the operation of his business, Sunset Supplements, so that it would not be used to satisfy his substantial outstanding tax debts.

B. Beginning in 1996 and continuing to at least 2005, defendant NEILSON transferred property and other assets to nominees in order to conceal his ownership of these assets from the Internal Revenue Service.

C. On or about March 26, 1996, defendant NEILSON transferred a property he owned on 500 East in St. George, Utah, to the Western Stern Real Estate Trust. The trustees of this trust were selected by defendant NEILSON and acted at his direction.

D. On or about August 27, 1997, defendant NEILSON filed a 1995 Form 1040 U.S. Individual Income Tax Return listing no income, which was false in that defendant NEILSON earned substantial income in 1995.

E. On or about September 16, 1998, defendant NEILSON caused Western Stern Real Estate Trust to transfer the property on 500 East in St. George back to defendant NEILSON so that he could refinance the mortgage on the property. On or about December 3, 1998, after he had refinanced the mortgage, defendant NEILSON transferred the property back to the Western Stern Real Estate Trust.

F. On or about December 3, 1998, defendant NEILSON transferred a home he owned on Main Street in St. George, Utah, to Dixie Main Real Estate Trust.

G. Between October 1999 and March, 2000, defendant NEILSON invested more than $400,000 in a speculative venture called Millenium Group International rather than use his available funds to pay his tax debts.

H. On or about April 19, 2000, defendant NEILSON caused Dixy Main Real Estate Trust to transfer the property on Main Street in St. George, Utah, to K.A.D. K.A.D. did not know about this transfer nor consent to it.

I.   On or about May 1, 2000, defendant NEILSON caused a warranty deed to be filed transferring the property on Main Street in St. George, Utah, from K.A.D. to Dixy Main Real Estate Trust using a forged signature of K.A.D.

J.   On or about September 11, 2000, defendant NEILSON filed an amended Form 1065, U.S. Partnership Income Tax Return for Sunset Supplements for tax year 1996 listing gross receipts of $0.

K.   On or about March 26, 2001, defendant NEILSON caused tax returns to be filed for Energy Pie, Inc. and Never Ever Again, Inc. reporting no income when in fact those entities had been used to conceal the income of defendant NEILSON.

L.   On or about July 21, 2003, defendant NEILSON filed a warranty deed transferring the property on Main Street in St. George, Utah, to D.A. D.A. did not exercise any control over the property and agreed to participate in the transaction as a favor to defendant NEILSON.

M.   On or about July 25, 2003, defendant NEILSON caused D.A. to transfer the property on Main Street in St. George, Utah, to W. S.

N.   On or about July 29, 2003, defendant NEILSON caused W. S. to transfer the property on Main Street in St. George, Utah, to Energy Pie, Inc. J.P.M, signed all relevant documents for Energy Pie, acting at the direction of defendant NEILSON.

O.   On or about March 8, 2004, defendant NEILSON caused J.P.M. to file a Form 1120, U.S. Corporate Income Tax Return, for Energy Pie, Inc. for the year 2003 reporting no income or gross receipts.

P.   On or about March 5, 2005, defendant NEILSON caused an unknown person to file a Form 1120, U.S. Corporate Income Tax Return, for Energy Pie, Inc. for the year 2004 reporting no income or gross receipts.

Q.   On or about June 21, 2005, defendant NEILSON signed an affidavit stating that he was not a trustee or officer of various trusts that were used to conceal his income and incorporating various, frivolous, tax-defying arguments.

All in violation of 26 U.S.C. § 7201.

## Count 2
## 26 U.S.C. § 7212(a)
### (Interference with Administration of Internal Revenue Laws)

2. The factual allegations of Count 1 are incorporated herein by reference.

3. Beginning on or about March 26, 1996, and continuing thereafter up to and including June 21, 2005, in the District of Utah,

### KENNETH J. NEILSON,

defendant herein, did corruptly endeavor to obstruct or impede the due administration of the internal revenue laws by: placing assets in the name of third party nominees to avoid having those assets liquidated to pay defendant NEILSON'S substantial tax debts; forging the signatures of third parties to accomplish the transfer of property; using numerous layers of trusts to mask his ownership and control of his business and other assets; using a purported church, the Freedom Church of Revelation, as a method of avoiding paying taxes; filing frivolous income tax returns that did not accurately list his or his businesses' gross income; reporting financial information to the IRS that was different from the information he reported to lenders from whom he sought loans; mailing frivolous letters to the IRS as part of a scheme wherein he sought to "redeem" the value of his birth certificate by stamping "Accepted for Value" on documents sent to him by the IRS; presenting "Bills of Exchange" as purported payment of his tax debts; declaring that he was a sovereign citizen of the state of Utah and not subject to the laws of the United States; and, sending harassing documents to the IRS seeking personal information on all IRS employees

working on his case.

All in violation of 26 U.S.C. § 7212(a).

A TRUE BILL:

/s/
FOREPERSON of the GRAND JURY

BRETT L. TOLMAN
United States Attorney

D. LOREN WASHBURN
Assistant United States Attorney