IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KENNETH J. NEILSON,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING GOVERNMENT'S MOTION IN LIMINE TO RESTRICT CROSS EXAMINATION OF WITNESS TESTIFYING USING A PSEUDONYM<br><br>Case No. 2:09-CR-286 TS |

The government moves to restrict cross examination about the actual name of its Revenue agent witness who uses the pseudonym "Jacob Riley" in his employment with the IRS. The government argues that because the Agent has not been reprimanded by the IRS and does not have a criminal history, there is no impeachment material in his actual name that would require the disclosure of the actual name to the defense. In support, it submits an ex-parte sealed document in the Agent's actual name indicating that he has no criminal history. However, the government does not object to any cross-examination of the

1

Agent about his use of pseudonym or about the fact that "Jacob Riley" is not his actual name.

Defendant's counsel filed an objection saying that he wishes to reserve his right to object, but has not had communication with his client since a March filing.

The notes of § 7804 of the Internal Revenue Act contain the following provision added by Internal Revenue Service Restructuring and Reform Act of 1998,[1]

> (a) In general.--Any employee of the Internal Revenue Service may use a pseudonym only if--
> (1) adequate justification for the use of a pseudonym is provided by the employee, including protection of personal safety; and
> (2) such use is approved by the employee's supervisor before the pseudonym is used. [2]

As another other trial court has observed:

IRS agents use pseudonyms, approved by the agency, in order to alleviate harassment practiced against them by disgruntled taxpayers or non-taxpayers. The practice of using such pseudonyms has been authorized by several courts.[3]

The Court has reviewed the ex parted sealed document and finds that the Agent has no criminal history. Because there is no impeachment material in his actual name that would require the disclosure of the actual name to the defense, the Court will grant the government's Motion to restrict cross examination about the actual name of its Revenue

---

[1] Pub.L. 105-206, Title III, § 3706, July 22, 1998, 112 Stat. 778.

[2] *Id*.

[3] *Springer v. I.R.S.*, 1997 WL 732526, *5 (E.D.Cal. Sept. 12, 1997) (citing *United States v. Wirenius,* 73 A.F.T.R.2d 94-1529, 1994 WL 142394 *4 (C.D. Cal. 1994)).

agent witness who uses the pseudonym "Jacob Riley" in his employment with the IRS. However, Defendant's counsel may cross-examine the Revenue Agent about Agent about his use of a pseudonym and about the fact that "Jacob Riley" is not his actual name.

It is therefore

ORDERED that the government's Motion in Limine to Restrict Cross Examination of Witness Testifying Using a Pseudonym (Docket No. 77) is GRANTED as set forth above.

DATED April 7, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge